**CAROL J. BERNICK, OSB #89409**
carolbernick@dwt.com
**CAROL A. NOONAN, OSB #02407**
carolnoonan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Of Attorneys for Applied Materials, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **GREGORY ROQUE,** an individual<br><br>**PLAINTIFF,**<br><br>v.<br><br>**APPLIED MATERIALS, INC.,** a Delaware Corporation<br><br>**DEFENDANT.** | Case No. CV03 1564 ST<br><br>**DECLARATION OF CAROL J. BERNICK** |

I, Carol J. Bernick, under penalty of perjury, do hereby state and declare as follows:

I am one of the attorneys representing defendant in the above-captioned lawsuit and make this Declaration in support of Defendants' Motion to Dismiss. I have personal knowledge of and am competent to testify as to all matters discussed herein.

Page 1 - DECLARATION OF CAROL J. BERNICK

Exhibit 1, attached hereto, is a true and correct copy of the Opinion of Judge King Supporting Order Granting in Part Defendant's Motion to Compel Arbitration in <u>Melton v. Philip Morris Inc.</u>, CV 01-93-KI (D. Or. Aug. 9, 2001) (reversed in part on other grounds).

DATED this 15th day of December, 2003.

By _____
**CAROL J. BERNICK,** OSB #89409
Of Attorneys for Applied Materials

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEGGY L. MELTON, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PHILIP MORRIS INCORPORATED, a Virginia corporation, <br><br> Defendant - Appellant. | No. 01-35883 <br><br> D.C. No. CV-01-00093-KI <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 7, 2003**
Portland, Oregon

Before: LAY***, WALLACE, and TALLMAN, Circuit Judges.

---

    *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

    **   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

    ***   The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

EXHIBIT 1
PAGE 1 OF 5

In this employment discrimination dispute, the district court granted Philip Morris Inc.'s motion to compel arbitration of Melton's state tort and federal discrimination claims, but denied its motion to compel arbitration of her state discrimination claims. Philip Morris appeals.[1] The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction of this timely filed appeal under 9 U.S.C. § 16(a). We review de novo. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 936 (9th Cir. 2001). We reverse and remand to the district court for it to enter an order compelling the arbitration of Melton's state law discrimination claims.

The district court held that the compulsory arbitration agreement is invalid as to the state discrimination claims under Duffield v. Robertson Stephens & Co., 144 F.3d 1182, 1187 (9th Cir. 1998). Duffield's continuing vitality is currently under attack. See EEOC v. Luce, Forward, Hamilton & Scripps, 303 F.3d 994, 1002-03 (9th Cir. 2002) (holding that the Supreme Court implicitly overruled Duffield in Circuit City Stores v. Adams, 532 U.S. 105 (2001)), vacated by 319 F.3d 1091 (9th Cir. 2003) (en banc) (order). Even assuming Duffield remains the law of the circuit, Duffield does not apply here because Melton did not bring a Title VII claim. Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1107 (9th Cir.

---

[1] Melton's cross-appeal was previously dismissed for lack of jurisdiction.

2

EXHIBIT 1
PAGE 2 OF 5

2002) (employee claiming ethnic harassment, in violation of California's Fair Employment and Housing Act, did not benefit from Duffield because employee did not bring a Title VII claim).

Melton argues that even if Duffield does not apply, the arbitration agreement is nonetheless unenforceable. First, she argues that she did not make a knowing agreement to arbitrate, citing Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 (9th Cir. 1997). Even assuming that Nelson applies to Melton's claims, Melton has knowingly agreed to arbitrate. She signed an acknowledgment form which, on its face, referred to the "Dispute Resolution Benefits Plan which goes into effect January 1, 1995 for all Field Sales Force employees." Melton acknowledged that she read a letter from a Philip Morris official which emphasized:

> if you continue your current employment after January 1, 1995, both you and [Philip Morris] will be bound to use the Dispute Resolution Program as the primary and sole means of resolving employment disputes that result in separation from the Company, rather than proceeding through the Court system.

By acknowledging this letter, and by continuing to work after January 1, 1995, Melton knowingly agreed to arbitrate her claims. See Hreha v. Nemecek, 849 P.2d 1131, 1132 (Or. App. 1993) (discussing contract formation by personnel handbook); Najd, 294 F.3d at 1109 (acceptance by similar silence is sufficient for

EXHIBIT 1
PAGE 3 OF 5

agreement to arbitrate); cf. Nelson, 119 F.3d at 762 (no agreement to arbitrate when employee was not put on notice that his continued employment amounts to acceptance of the company's dispute resolution program). It is no defense that she did not sign the acknowledgment of the amendments to the dispute resolution program. That is not a requirement to bind her to the dispute resolution program.

Melton next argues that the agreement fails for want of mutuality of obligation. Melton urges that the only claims subject to the arbitration clause are claims against the employer. To the contrary, the arbitration agreement covers claims against the employee as well, such as claims for conversion, intentional interference with contract, or indemnification. Thus, the agreement does not fail for want of mutuality of obligation. For the same reason, Melton's argument that Philip Morris gave no consideration for the agreement also fails. JOHN EDWARD MURRAY, JR., MURRAY ON CONTRACTS § 65 (4th ed. 2001) ("mutuality of obligation is simply a conclusory phrase stating the requirements of consideration").

Melton argues that Philip Morris's promises are illusory because it retains the right to amend or terminate the agreement "at any time." However, the agreement explicitly limits Philip Morris's power. For example, Philip Morris cannot amend the agreement as to prior disputes. It can amend the agreement only

EXHIBIT 1
PAGE 4 OF 5

prospectively. Philip Morris's promises are thus not illusory. See <u>Local 3-7, Int'l Woodworkers of Am. v. DAW Forest Prods.</u>, 833 F.2d 789, 796 (9th Cir. 1987) (applying Oregon law).

Melton contends that the agreement is unconscionable because it is a contract of adhesion mandating an exclusive forum. However, such contracts of adhesion are not per se unconscionable. To be unconscionable, the contract must also be unreasonable. <u>Reeves v. Chem. Indus. Co.</u>, 495 P.2d 729, 732 (Or. 1972). Melton fails to show the contract was unreasonable. Therefore, the arbitration agreement here is not unconscionable. <u>Id.</u>

Melton argues that the agreement violates the Oregon Constitution's guarantee that "in all civil cases the right of Trial by Jury shall remain inviolate." Or. Const. art. I, § 17. But "the state has not deprived [Melton] of a jury trial; [s]he voluntarily has agreed to forego one." <u>Carrier v. Hicks</u>, 851 P.2d 581, 587 (Or. 1993).

"[H]aving made the bargain to arbitrate, the party should be held to it . . . ." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 26 (1991) (internal quotation marks omitted). All Melton's claims, both state and federal, are subject to arbitration under the agreement Melton knowingly accepted.

REVERSED AND REMANDED.

EXHIBIT 1
PAGE 5 OF 5